IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

Anne E. Ivins,

Plaintiff,

v.

Jupiter Medical Center,

Defendant.

Case No. _____

FILED BY _____ D.C.
MAY 27 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

COMPLAINT

SUMMARY

This action arises from discriminatory and retaliatory employment practices by Jupiter Medical Center (JMC) against Plaintiff Anne Ivins, a respected healthcare leader with a demonstrated record of success in patient access operations. Despite her professional dedication and internal advocacy for equity and systemic improvements, Plaintiff was subjected to a baseless Performance Improvement Plan (PIP), denied the ability to formally grieve the action, and ultimately constructively discharged. This Complaint seeks to redress violations of federal anti-discrimination laws, hold the Defendant accountable, and restore Plaintiff's reputation and livelihood.

PARTIES

1. Plaintiff Anne Ivins is a resident of Florida and formerly served in a leadership position at Jupiter Medical Center, with an address of 117 N River Dr E, Jupiter, FL 33458.

2. Defendant Jupiter Medical Center is a healthcare institution headquartered in Palm Beach County, Florida, and was Plaintiff's employer during all relevant times.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 42 U.S.C. §2000e (Title VII of the Civil Rights Act of 1964) and 28 U.S.C. §1331.

4. Venue is proper under 28 U.S.C. §1391 as the events underlying this Complaint occurred within the Southern District of Florida.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

6. Plaintiff received a Right to Sue letter dated February 26, 2025.

7. This Complaint is filed within the 90-day window authorized by the Right to Sue letter.

## FACTUAL ALLEGATIONS

8. Plaintiff performed her duties with diligence, earning respect among colleagues and staff for her leadership and integrity.

9. Plaintiff raised internal concerns regarding discriminatory practices, systemic inefficiencies, and the need for equitable treatment in performance assessments.

10. Plaintiff supported and defended her colleague, LaWanza Miller, during Miller's EEOC investigation and lawsuit against JMC for discriminatory misconduct, prior to Plaintiff's termination.

11. Plaintiff was interviewed by JMC's internal legal team regarding Miller's case, and this participation appeared to trigger increased hostility from leadership.

12. Plaintiff also advocated for Kristina Guerrero, another employee subjected to discriminatory treatment, compounding the animosity directed toward her by JMC's leadership.

13. Plaintiff's direct supervisor, Ronnie Rakes, routinely belittled and excluded her from essential communications, targeted her with disproportionate scrutiny, and escalated efforts to isolate her professionally.

14. Plaintiff reported this conduct to HR, including emails and verbal reports, but received no meaningful intervention.

15. On May 19, 2023, Plaintiff was abruptly placed on a Performance Improvement Plan (PIP) without any prior disciplinary record.

16. At the PIP meeting, HR representative Elizabeth Ruiz provided Plaintiff with the grievance policy and assured her the matter could be contested.

17. Plaintiff later discovered that grievance policies were not available for employees at the managerial level and above, denying her fair due process.

18. JMC's own Position Statement to the EEOC confirms it denied the impact of the PIP, contradicts Plaintiff's allegations without comparators, and mischaracterizes the record to discredit her protected activities and innovations.

19. Plaintiff's 2022 evaluation shows she exceeded job-specific responsibilities and offered workflow solutions later implemented by JMC to improve performance metrics, further disproving claims of performance inadequacy.

20. Plaintiff's replacement was another woman; however, evidence shows that JMC has repeatedly replaced women in this same role, supporting a pattern of gender-based attrition masked under neutral pretexts.

21. Following her termination, Plaintiff has faced multiple job rejections after positive interviews, suggesting JMC provided negative or retaliatory references.

22. Plaintiff consulted multiple employment attorneys after receiving her Right to Sue letter. Several declined to take her case, not due to a lack of merit, but because—as the law currently stands—gender-based claims are difficult to pursue when employers replace women with other women. This loophole allows companies to continue undermining women's authority while avoiding legal liability by maintaining superficial gender representation.

23. Plaintiff brings this case not only to address her individual harm, but also to highlight the need for structural legal reform. The current framework permits employers to demoralize, discredit, and eliminate women from high-level roles while appearing compliant. This systemic pattern must be exposed and remedied to prevent further abuse.

PLAINTIFF'S DUE DILIGENCE AND RECORD PRESERVATION

24. On or about February 28, 2025, Plaintiff submitted a formal FOIA request to the EEOC seeking access to her full charge file, including notes, correspondence, and mediation records.

25. This demonstrates Plaintiff's good-faith effort to clarify and preserve the record, despite the procedural opacity experienced during mediation.

26. This supports Plaintiff's assertion that internal grievance routes were structurally unavailable and that she faced institutional barriers in asserting her rights.

CLAIMS FOR RELIEF

Count I – Gender Discrimination (Title VII)

27. Plaintiff incorporates by reference all preceding paragraphs.

28. Defendant's conduct constitutes unlawful discrimination based on gender in violation of Title VII of the Civil Rights Act of 1964.

29. The Defendant's practice of systematically replacing women in Plaintiff's role reflects discriminatory intent and disparate impact.

Count II – Retaliation (Title VII)

30. Plaintiff engaged in protected activity by advocating for fair systems, supporting coworkers in EEOC actions, challenging discriminatory structures, and reporting inefficiencies.

31. Plaintiff was retaliated against by being subjected to an unreviewable PIP, isolated, and constructively discharged in violation of Title VII.

Count III – Hostile Work Environment (Title VII)

32. Plaintiff experienced ongoing hostility and exclusion by her direct supervisor, including public belittling, restricted communications, and professional isolation.

33. Defendant failed to take corrective action despite Plaintiff's complaints, fostering a hostile work environment based on gender and retaliatory intent, in violation of Title VII.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. A declaratory judgment that Defendant violated Title VII;

B. Injunctive relief prohibiting further discriminatory conduct;

C. Reinstatement to Plaintiff's prior role or, alternatively, front pay;

D. Back pay and lost benefits;

E. Compensatory damages for reputational harm and emotional distress;

F. A formal letter of recommendation restoring Plaintiff's professional standing;

G. Costs of this action and any further relief the Court deems just and equitable.

Respectfully submitted,

*Anne Ivins*     5/27/2025

Anne Ivins

117 N River Dr E

Jupiter, FL 33458

561-888-3211