UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80645-McCabe

ANNE E. IVINS,

Plaintiff,

v.

JUPITER MEDICAL CENTER, INC.,

Defendant.
_________________________________/

**ORDER ON DE 71 & DE 73**

THIS CAUSE comes before the Court on Defendant's Second Motion to Compel Discovery and for Sanctions (DE 71) and Defendant's Motion to Compel Answers to Deposition Questions (DE 73). For the reasons set forth below, the Court **GRANTS** both motions as follows.

## I. DEFENDANT'S SECOND MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS (DE 71)

By way of DE 71, Defendant seeks to (A) compel discovery relating to Plaintiff's mitigation efforts, (B) compel discovery related to Plaintiff's emotional distress damages, (C) challenge the completeness of Plaintiff's discovery production, (D) challenge the sufficiency of Plaintiff's privilege log, and (E) impose sanctions based on Plaintiff's noncompliance with prior discovery orders. (DE 71). The Court will address each issue in turn.

### A. Discovery Related to Plaintiff's Mitigation Efforts

On August 18, 2025, Defendant served Plaintiff with a First Request for Production of Documents ("RFP") seeking, among other documents, the following:

Request No. 24:

> Your federal income tax returns for the tax years 2022 through and including the present, including all supporting documentation.

(DE 46-1 at 8). Plaintiff raised several objections, but the Court overruled all objections on December 5, 2025, thereby ordering Plaintiff to produce documents in response to this RFP. (DE 56).

Plaintiff subsequently complied by producing her 2023 and 2024 tax returns as well as certain W-2s. By way of this motion, Defendant complains that the income reported in the tax returns does not match the income reported in the W-2s. (DE 71 at 2). During deposition, Plaintiff explained the discrepancy by pointing out that she filed taxes jointly with her husband and that he earned additional income not appearing on Plaintiff's W-2s. (DE 77-1 at 345-47). The Court accepts this explanation and finds no additional production necessary. In other words, Plaintiff need not produce her husband's W-2s.

On August 18, 2025, Defendant also served Plaintiff with a First Set of Interrogatories ("Rogs") seeking, among other information, the following:

> Interrogatory No. 4:
>
> Identify each Employer from whom you sought employment or worked since last employed by [Defendant], including dates of employment, job title, wages, responsibilities, and reason for termination.
>
> …
>
> Interrogatory No. 6:
>
> Identify the amount and source of all money, compensation, or payment of any kind you received from any source since your employment with [Defendant] terminated through the present.

(DE 46-1 at 13-14). Plaintiff raised several objections, but the Court overruled all objections on December 5, 2025, thereby ordering Plaintiff to answer these Rogs. (DE 56).

By way of this motion, Defendant complains that Plaintiff has still not identified her subsequent employers or the wages received from such employers. (DE 71 at 2). Plaintiff opposes this motion on privacy grounds. (DE 74 at 2). Although the Court is sympathetic to Plaintiff's privacy concerns, a plaintiff in a civil lawsuit necessarily sacrifices his or her privacy by bringing a lawsuit. A plaintiff cannot simultaneously bring a claim for damages against a former employer while keeping his or her subsequent employers a secret.

Accordingly, the Court orders Plaintiff to provide Defendant, within ten (10) days of this Order, with a complete, up-to-date answer to Rog #4 and #6, including all sub-parts. Plaintiff may designate her supplemental answer as confidential pursuant to DE 67. Once Plaintiff provides the supplemental answer, the Court extends the discovery deadline for the sole and limited purpose of allowing Defendant to send a subpoena duces tecum to Plaintiff's subsequent employers to obtain records related to Plaintiff's earnings in any subsequent employment.

**B. Discovery Related to Plaintiff's Emotional Distress Damages**

On August 18, 2025, Defendant also requested the following documents:

Request No. 25:

> All documents relating to any physical, mental, or emotional condition for which you have sought treatment between January 1, 2020, through and including the present.

(DE 46-1 at 9). Plaintiff raised several objections, but the Court overruled all objections on December 5, 2025, thereby ordering Plaintiff to produce documents in response to this RFP. (DE 56).

By way of this motion, Defendant complains that Plaintiff has still not produced any medical records to support her demand for emotional distress damages. (DE 71 at 2-3). The Court will afford Plaintiff ten (10) additional days to produce documents in response to RFP #25. If

Plaintiff fails to produce documents within this time frame, Plaintiff will not be permitted to use such documents at trial.

**C. Inconsistent Representations Regarding Discovery Production**

Defendant next complains that Plaintiff has made inconsistent representations regarding the completeness of her discovery production. (DE 71 at 3). Defendant cites the Court to various statements made at various times by Defendant. (DE 71 at 3-4). The Court declines to police the accuracy of these statements. If Defendant believes Plaintiff has failed to comply with her discovery obligations, Defendant should file an appropriate motion to compel with reference to *specific* discovery requests and attach to the motion the disputed discovery item and any objection and response thereto. The current motion does not satisfy that standard. *See* S.D. Fla. L.R. 26.1(g)(3).

**D. Sufficiency of Plaintiff's Privilege Log**

Defendant next challenges the sufficiency of Plaintiff's privilege log. (DE 71 at 3-4). The Court has reviewed Plaintiff's privilege log (DE 71-5) and agrees it does not satisfy Fed. R. Civ. P. 26(b)(5) or Local Rule 26.1(e)(2). Under Fed. R. Civ. P. 26(b)(5), when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must expressly make the claim, and describe the nature of the documents, communications, or tangible things not produced or disclosed, in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Local Rule 26.1(e)(2)(B)(ii) likewise requires the withholding party to produce a privilege log that discloses the following (unless divulgence of such information would cause disclosure of the allegedly privileged information):

(1) the type of document (e.g., letter or memorandum)

(2) general subject matter of the document,

(3) the date of the document or electronically stored information; and

(4) such other information as is sufficient to identify the document including, where appropriate, the author, addressee, and any other recipient of the document or electronically stored information, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other.

*See also* S.D. Fla. L.R. 26.1(e)(2)(C).

Parties generally provide the above information on a document-by-document basis by way of a chart using the following format:

| Bates # or Control # | Type of Document | Date of Document | General Subject Matter of Document | Other Info such as Author, Addressee | Privilege Claimed |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

Plaintiff's privilege log (DE 71-5) does not comply with these rules. Among other problems, it does not list the privileged documents on a document-by-document basis, nor does it indicate the privileges claimed or otherwise provide enough information to allow the Court to assess the validity of the privilege. If Plaintiff has withheld documents based upon privilege, the Court orders Plaintiff to update her privilege log within ten (10) days. The updated privilege log must comply with Local Rule 26.1(e)(2) and Fed. R. Civ. P. 26(b)(5) and follow the above format. Failure to file a proper privilege log may result in a waiver of privilege. Also, objections based solely on relevance, proportionality, burden, or duplication do not constitute valid privilege objections and should not be included on the updated privilege log.

### E. Sanctions

Defendant also seeks sanctions, including attorneys' fees and cost-shifting, based on Plaintiff's failure to comply with the Court's prior discovery orders. (DE 71 at 4-5). The Court finds no sanctions warranted at this time. In reaching this decision, the Court has taken Plaintiff's pro se status into account and has afforded leeway based on her unfamiliarity with federal litigation. The Court cautions Plaintiff that failure to comply with Court Orders in the future, including this Order, may result in sanctions or other Orders adverse to Plaintiff's case.

## II. DEFENDANT'S MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS (DE 73)

By way of DE 73, Defendant seeks an order compelling Plaintiff to answer deposition questions concerning (A) the identity of Plaintiff's subsequent employers, and (B) Plaintiff's medical and mental-health treatment. (DE 73 at 2-5). The Court will address each issue in turn.

### A. Subsequent Employers

Defendant deposed Plaintiff on December 18, 2025. During the deposition, Plaintiff refused to answer questions regarding the identity of her subsequent employers, including her current employer. (DE 73-1 at 19:21-20:5). The Court finds the identity of Plaintiff's subsequent employers relevant to Plaintiff's claim for back pay and mitigation of damages. *See E.E.O.C. v. Nordstrom, Inc.*, No. 07-80894-CIV, 2008 WL 5070145, at *4 (S.D. Fla. Nov. 24, 2008) ("Each Claimant's amount of compensation subsequent to employment with Defendant is relevant to a potential award of backpay."); *Haji v. NCR Corp.*, No. 1:17-CV-01961-SCJ-JCF, 2018 WL 11483103, at *4 (N.D. Ga. Nov. 1, 2018) ("As Defendant accurately points out, the amount of income Plaintiff made from subsequent employers is relevant to the calculation of Plaintiff's potential damages.").

Moreover, although a deponent may state deposition objections on the record, Fed. R. Civ. P. 30(c)(2) permits a refusal to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Here, the deposition record shows no basis for Plaintiff's refusal to answer questions concerning the identity of her post-Defendant employers.

The Court therefore orders Plaintiff to appear for another deposition, to take place within twenty (20) days, to answer questions regarding the identity of her employers after she left Defendant's employment, as well as the income earned in post-Defendant employment. The Court has considered ordering Plaintiff to pay the costs and expenses of the additional deposition pursuant to Fed. R. Civ. P. 37(a)(5), but the Court declines to do so based on her pro se status. Once the deposition takes place, the Court also extends the discovery deadline for the sole and limited purpose of allowing Defendant to send a subpoena duces tecum to Plaintiff's subsequent employers to obtain records related to Plaintiff's earnings in any subsequent employment.

**B. Medical & Mental-Health Treatment**

During the deposition, Plaintiff also refused to answer deposition questions concerning her medical and mental-health treatment. (DE 73-1 at 348:19-24; 349:5-19). By way of her Complaint, Plaintiff asserts a claim for emotional distress. (DE 1 at 5). The Court finds the deposition questions at issue relevant to Plaintiff's claim for emotional distress. This remains true even though Plaintiff represents that she will not rely on medical treatment, diagnosis, or expert opinions at trial. (DE 75 at 2). Regardless of whether Plaintiff plans to rely on such evidence at trial, Defendant should be allowed to discover whether Plaintiff sought medical treatment for her alleged emotional distress.

The Court therefore orders Plaintiff to appear for another deposition, to take place within twenty (20) days, to answer questions regarding her medical and mental-health treatment. Once again, the Court has considered ordering Plaintiff to pay the costs and expenses of this additional deposition pursuant to Fed. R. Civ. P. 37(a)(5), but the Court declines to do so based on her pro se status. Plaintiff may designate her deposition answers as confidential pursuant to DE 67. Once the deposition takes place, the Court also extends the discovery deadline for the sole and limited purpose of allowing Defendant to send a subpoena duces tecum to any mental health providers to obtain records related to Plaintiff's treatment.

The Court has considered Defendant's request that the Court impose the severe sanction of disallowing any claim for compensatory and emotional distress damages at trial. (DE 73 at 5). Although district courts enjoy broad discretion to fashion appropriate sanctions under Fed. R. Civ. P. 37, severe sanctions, such as the striking of claims, should only be imposed "when it has been established that the offending party's failure to comply with its discovery obligations [was] due to the party's willfulness, bad faith, or fault." *Kendall Lakes Towers Condo. Ass'n v. Pac. Ins. Co.*, No. 10–24310–CIV, 2011 WL 6190160, at *4 (S.D. Fla. Dec. 2, 2011). In the Court's view, the discovery violations here have not reached the point of bad faith.

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Second Motion to Compel Discovery and for Sanctions (DE 71) and Defendant's Motion to Compel Answers to Deposition Questions (DE 73). The parties shall comply with the rulings set forth above.

Pursuant to Fed. R. Civ. P. 37(a)(5), the Court declines to shift fees as the Court finds the circumstances make an award of expenses unjust. The Court reaches this conclusion primarily

due to Plaintiff's status as a pro se litigant. The Court cautions Plaintiff to obey this Order as failure to do so may result in a Court Order that requires her to pay expenses to Defendant.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 4th day of February 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE